*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCCRIMMON/WILLIAMS, Minors.

UNPUBLISHED
September 16, 2025
9:58 AM

No. 373547
Wayne Circuit Court
Family Division
LC No. 2024-001831-NA

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

Respondent appeals as of right the October 23, 2024 order granting her supervised parenting time with DKMM, SDM, and KILW, and a prior order removing the children from her care.[1] We affirm.

We review a trial court's findings related to the removal of children for clear error. *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). "A finding is only clearly erroneous if an appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

When a report of child abuse or neglect is made, the Department of Health and Human Services (DHHS) may petition the trial court to take jurisdiction of the child after an investigation. MCR 3.961(A). "That petition must contain, among other things, '[t]he essential facts' that, if proven, would allow the trial court to assume jurisdiction over the child." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019) (citation omitted; alteration in original). A preliminary hearing must be held after the trial court receives the petition. *Id*.

At the preliminary hearing, the trial court may authorize the petition if there is probable cause that one or more of the allegations in the petition is true and within MCL 712A.2(b). MCR

---

[1] All three children have different biological fathers. KILW's father is a nonrespondent. SDM's and DKMM's fathers are respondents, but are not parties to this appeal.

3.965(B)(12). The trial court may then remove children from their parent and place them in foster care when the following conditions are met:

>(a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

>(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

>(c) Continuing the child's residence in the home is contrary to the child's welfare.

>(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

>(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare. [MCL 712A.13a(9). See also MCR 3.965(C)(2).]

To order a placement in foster care, the trial court "must make explicit findings that 'it is contrary to the welfare of the child to remain at home,' MCR 3.965(C)(3), and 'reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required,' MCR 3.965(C)(4)." *Benavides*, 334 Mich App at 168. When the trial court is asserting jurisdiction over a child rather than terminating parental rights, the preponderance-of-the-evidence standard applies. *In re Williams*, 333 Mich App 172, 183; 958 NW2d 629 (2020).

Because KILW was placed with her nonrespondent father, not in foster care, MCL 712A.13a(9) is not applicable to KILW, as it governs when a child may be placed in foster care. However, because DKMM and SDM were placed in foster care following the death of their grandmother, MCL 712A.13a(9) applies to them. Regardless, removal of all three children from respondent's care was appropriate.

The trial court did not clearly err in removing the children from respondent's care. The trial court explicitly stated that it was contrary to the children's welfare to remain in respondent's care and that reasonable efforts had been made to prevent removal. *Benavides*, 334 Mich App at 168. All five requirements of MCL 712A.13a(9) were considered by the trial court, as it found that (1) it would be contrary to the children's welfare to remain in respondent's home because of the physical abuse of KILW, (2) reasonable efforts had been made to prevent removal, (3) remaining in respondent's custody presented a significant risk of harm to the children, (4) no services were reasonably available to safeguard the children except for removal, and (5) the conditions of the children's placements away from respondent were sufficient to safeguard the children. These findings were in large part supported by the testimony of DHHS employee Kaylan Ealey, who testified that it was contrary to the children's welfare to remain in respondent's care because respondent hit KILW, pushed her into a washer or dryer, choked her, pulled her shirt over her head, bit her finger and elbow, threatened her, and broke her finger. These injuries were

diagnosed as nonaccidental trauma, and occurred while respondent was holding SDM.[2]  Treatment of one child is probative of how a respondent may treat their other children.  *In re Christie*, 339 Mich App 1, 6; 981 NW2d 172 (2021).

Respondent argues that the trial court did not consider if SDM and DKMM were at risk of harm.  However, respondent's treatment of KILW is indicative of how she may treat SDM and DKMM.  *Christie*, 339 Mich App at 6.  Given the nonaccidental trauma that KILW suffered, it was not clearly erroneous for the trial court to find that all children would be at risk of harm if in respondent's care.  *Benavides*, 334 Mich App at 167.

Although respondent argues that petitioner failed to make reasonable efforts to prevent removal of her children, she acknowledges that petitioner held a team-decision meeting, investigated relative placements, conducted interviews, and provided a community resource guide. No argument is made, however, as to why these efforts were inadequate and what should have been done instead.  *In re Sanborn*, 337 Mich App 252, 264-265; 976 NW2d 44 (2021).  The trial court held that petitioner had made reasonable efforts to prevent removal of the children, and we do not have a definite and firm conviction that reasonable efforts were not made.  The trial court did not clearly err in ordering the removal of the children from respondent's care.  *Benavides*, 334 Mich App at 167.

In the alternative, respondent argues that she should have unsupervised parenting time with her children.  However, respondent makes no argument as to why she should be allowed unsupervised parenting time, so we deem this argument abandoned.  *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019).

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin

---

[2] It is unclear from the record if SDM was injured, but at the very least, SDM witnessed her mother injuring her sibling.